TIMOTHY M. BURGESS
United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: frank.russo@usdoj.gov
MA Bar No. 64

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Case No. 3:05-cr-0117- JWS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNITED STATES' OPPOSITION |
| | ) | TO DEFENDANT'S MOTION |
| SHANNON PRINCE , | ) | TO SUPPRESS |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW Plaintiff United States of America, by and through the undersigned counsel, and hereby opposes defendant's motion to suppress evidence, filed on January 11, 2006.  Therein, the defendant moves to suppress items seized

from his person on October 19, 2005, claiming that such items were unlawfully seized in violation of the Fourth Amendment.

The evidence will show that the defendant was properly arrested after he committed a panoply of crimes. The search that followed was not only reasonable, but justified when the defendant assaulted police officers after they caught him after a high-speed chase in which he disobeyed traffic laws, slammed his vehicle into another vehicle, and ran away on foot. Not only was the search justified incident to a lawful arrests for Reckless Driving, Leaving the Scene of an Accident, Failing to Stop at the Direction of Officers, Driving with his License Suspended, Resisting Arrest, and Assaulting Police Officers, among other offenses, but the contraband would have been inevitably discovered. Accordingly, defendant's motion is without merit.

## STATEMENT OF ANTICIPATED FACTS

On October 19, 2005, at approximately 2:35 am, Police Officer Troy Clark was parked in his marked police car in the area of 5th Avenue and Hyder, in Anchorage. Officer Clark observed the defendant driving a 2005 Ford Explorer the wrong way on 5th Avenue, causing Officer Clark to follow. The defendant made a right turn onto Ingra – again going the wrong way down a one way street – cutting the corner by driving over the sidewalk between the street sign and the

traffic light.  He then turned left onto 6th Avenue, and then right onto Karluk, running a stop sign at 8th Avenue.  The defendant, apparently knowing that he was being chased by a marked police vehicle with lights and sirens on, turned eastbound on 9th Avenue, then southbound on Nelchina, reaching speeds up to 70 miles per hour.  The defendant then careened his vehicle into a parked car on 11th Avenue, pushing the parked car up onto the sidewalk.  As the defendant's vehicle continued to roll westbound on 11th Avenue, the defendant jumped out of the car and started running westbound.  The defendant's vehicle continued rolling until it hit a garage at 1315 11th Avenue.

    Officer Clark got out of his vehicle and chased the defendant as he ran through alleys and private yards, ultimately attempting to scale a six-foot fence.  As the defendant was climbing over the fence, Officer Clark grabbed hold of him and a struggle ensued.  Another officer, Sgt. Spadafora, arrived and grabbed the defendant in an attempt to pull the defendant back over to Officer Clark's side of the fence.  The defendant punched Officer Clark twice in the head, causing Officer Clark to let go of the defendant.  The defendant fell to the other side of the fence and got up in an attempt to continue running.  Sgt. Spadafora climbed the fence and grabbed the defendant again.  They wrestled to the ground, all the while the defendant cursed at the officers while he tried to kick and punch them.  Even after

the defendant was subdued and handcuffed, he pushed Officer Clark and kicked another officer who arrived on the scene.  The defendant was then put in leg restraints and put in a patrol car, where he continued to thrash about, kicking the windows of the car.

   Ultimately, officers were able to get the defendant to jail, where he was placed on a gurney.  Officer Clark searched the defendant's pockets, detecting several hard objects he could not immediately identify.  Officer Clark then pulled those items out of the defendants pockets, including 24 grams of crack cocaine, $2,096 in cash, two scales, an ecstasy pill, some marijuana, and a black cell phone charger.  The defendant was arrested for a litany of crimes  <u>See</u> Felony Booking Sheet, attached hereto as Exhibit A.  The defendant now moves to suppress these items, claiming that they were somehow unlawfully seized from his person.

# ARGUMENT

I. THERE WAS PROBABLE CAUSE TO ARREST THE DEFENDANT FOR A NUMBER OF OFFENSES THAT AUTHORIZE ARREST.

Given the egregious behavior of the defendant, if is clear that the police were authorized to arrest him prior to searching the defendant's pockets. Whether an officer is authorized to make an arrest will ordinarily depend "in the first instance, on state law." Michigan v. DeFillippo, 443 U.S. 31, 36 (1979). Alaska Statute § 12.25.030 sets forth the grounds for arrest by private person or peace officer without warrant. It provides, in relevant part:

> (a) A private person or a peace officer without a warrant may arrest a person:
>
> (1) for a crime committed or attempted in the presence of the person making the arrest;

As the evidence will establish, the defendant committed a number of crimes in the presence of Officer Clark, and more crimes in the presence of other officers. A list of these crimes include, but are not limited to, the crimes set forth in the Felony Booking Sheet attached as Exhibit A. For the Court's convenience, the text of the statutes violated before the defendant was searched is attached hereto as Exhibit B. Given his conduct, the defendant will be hard-pressed to argue that he

was improperly or unlawfully arrested.  Accordingly, the United States submits that there was probable cause to arrest the defendant for a number of crimes.

II.     THE DEFENDANT WAS SEARCHED INCIDENT TO A LAWFUL ARREST.

Given that the defendant was lawfully arrested, the search incident to his arrest was completely lawful.  While state law may have a bearing on whether a police officer is authorized to arrest a suspect, the application of the exclusionary rule in federal court does not turn on state law.  United States v. Chavez-Vernaza, 844 F.2d 1368, 1374 (9th Cir. 1979) ("evidence seized in compliance with federal law is admissible without regard to state law").  Pursuant to federal law, "[a] custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification."  United States v. Robinson, 414 U.S. 218, 235 (1973).  In Robinson, the Supreme Court held that "in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a "reasonable" search under that Amendment.  Id.; see also DeFillippo, 443 U.S. 31 (upholding seizure of drugs incident to a lawful arrest for violation of a municipal statute found to be unconstitutional).

Indeed, Robinson itself involved facts similar to, but less compelling than, the facts of the instant case. There, police arrested the defendant for driving with his license revoked; a search incident to this arrest yielded drugs. 414 U.S. 218, 221-222. The defendant argued that persons arrested for the offense of driving with their licenses revoked are less likely to possess dangerous weapons than those arrested for other crimes, and therefore the crime did not warrant a full blown search. The Supreme Court disagreed, stating that "[t]he authority to search a person incident to a lawful custodial arrest, while based upon the need to disarm and to discover evidence, does not depend on what a court may later decide was the probability in a particular arrest situation that weapons or evidence would in fact be found upon the person of the suspect." Id. at 235.

Here, not only was the defendant arrested for driving without a valid license, as in Robinson, but he was arrested for a variety of crimes related to his assaultive and dangerous conduct. Aside from being authorized by the Fourth Amendment, Officer Clark's search of the defendant was completely reasonable. Accordingly, the drugs, money, drug paraphernalia, and other items were properly and lawfully seized.

As a final aside, even if the items recovered from his person were seized illegally – which they were not – surely these items would have been discovered in

a search by corrections officers before accepting the defendant into the jail. Thus, their seizure would satisfy the "inevitable discovery" exception to the exclusionary rule. <u>Nix v. Williams</u>, 467 U.S. 431, 444 (1984); <u>United States v. Ramirez-Sandoval</u>, 872 F.2d 1392, 1399 (9th Cir.1989).

## CONCLUSION

For the foregoing reasons, the United States submits that the defendant's motion to suppress be denied.

RESPECTFULLY SUBMITTED this  19th  day of January, 2006 in Anchorage, Alaska.

                        TIMOTHY M. BURGESS
                        United States Attorney


                         s/ Frank V. Russo
                        FRANK V. RUSSO
                        Assistant U.S. Attorney
                        222 West 7th Ave., #9, Rm. 253
                        Anchorage, AK 99513-7567
                        Phone: (907) 271-5071
                        Fax: (907) 271-1500
                        E-mail: frank.russo@usdoj.gov
                        MA Bar No. 64

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on January 19, 2006, via:

    (X) Electronic case filing notice

John Murtagh
1101 West 7th Ave.
Anchorage, AK 99501


Executed at Anchorage, Alaska, on January 19, 2006

s/ Frank V. Russo_____
Office of the U.S. Attorney