**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

UNITED STATES OF AMERICA

Plaintiff,

vs.

SHANNON PRINCE,

Defendant.

3:05-cr-00117-JWS-JDR

**RECOMMENDATION REGARDING MOTION TO SUPPRESS Proceeds of Warrantless Arrest and Search**

(Docket No. 17)

Defendant **Shannon Prince** moves to suppress evidence obtained by the government based on his warrantless stop, arrest and search of his person on October 19, 2005. Docket No. 17. The motion is opposed by the government, Docket No. 18. An evidentiary hearing was conducted on February 2, 2006. Prince argues that the evidence is insufficient to identify him as the driver of the vehicle

followed by a policeman who then gave chase and apprehended Prince. The government responds that there is probable cause to believe that Shannon Prince, the defendant, committed one or more offenses for which he could be arrested and was lawfully stopped, arrested and searched. Upon due consideration of the evidence adduced and arguments of counsel **the magistrate judge recommends that the findings of fact and conclusions of law be adopted and the motion to suppress be denied.**

## Findings of Fact

On October 19, 2005, about 2:35 a.m., Anchorage Police Officer Troy J. Clark was patrolling the area of downtown Anchorage while on duty. He was in uniform driving a marked police vehicle. While he was at the vicinity of the BMW dealer at 5th Avenue standing outside his vehicle he observed to his right a Ford Explorer proceeding the wrong way (east bound) on 5th Avenue.

Officer Clark was on the south side of 5th Avenue. He ran to his police car to pursue the driver to tell him he was driving the wrong way on a one-way street. The officer used his overhead lights as he gave chase. He briefly lost sight of the vehicle as the driver turned south on Ingra Street again proceeding the wrong way on a one-way street. There were only two or three vehicles on the road at the time.

Officer Clark turned down Ingra Street in pursuit. The Ford Explorer was traveling about 40 miles per hour. In the vicinity of Ingra and 6th Avenue, the driver (later identified by the officer as the defendant, Shannon Prince) drove over a sidewalk and cut a corner between two poles before continuing away from the officer. Officer Clark caught up to the vehicle about 6th Avenue and observed it turn south on Karluk going east bound. Officer Clark turned on his siren. The Ford Explorer proceeded down Karluk and turned south proceeding to 9th Avenue and Karluk where the vehicle ran a stop sign traveling about 50 miles per hour in a 25 mile per hour zone. The Ford Explorer then increased its speed to about 70 miles per hour.

Officer Clark reported to dispatch what was going on. At this point Officer Clark was about four or five car lengths behind the Explorer and observed it go south on Nelchina. At 11th Avenue the vehicle turned west traveling into the oncoming traffic lane and hit a parked car pushing it onto the sidewalk. The driver of the Ford Explorer jumped out of the vehicle and ran down an alleyway as the Ford moved forward, hitting a garage.

Officer Clark yelled "Police officer. Stop.", but the driver would not stop. Officer Clark chased the individual down an alleyway through private yards and across Nelchina Street. The individual jumped a fence and continued in the alley between Orca and Nelchina. The person ran onto the hood of parked cars and

attempted to scramble over a wooden fence when Officer Clark caught up to him. The officer tried to pull the individual back over to his side of the fence but was unable to do so.

About that time uniformed officer Sgt. Spadafora arrived and also grabbed the individual. Prince continued to swing at the officers in an attempt to get free and hit Officer Clark in the head. Sgt. Spadafora then told Officer Clark to let Prince go over the fence and Prince fell to the ground. Sgt. Spadafora proceeded to the other side and wrestled with Prince briefly until Officer Clark got to the other side of the fence. Prince continued to kick and try to get free. The officers walked him to Spadafora's police car and Prince continued to kick and push the officers. The officers wrestled Prince to the ground and placed hobbles on him. The officers carried him to the police vehicle. Prince kicked the door of the police car.

Officer Clark followed Sgt. Spadafora and the two vehicles proceeded to the Anchorage jail. At the jail facility the officers used a gerney to wheel Prince into the jail house. Officer Clark realized that he had not conducted a pat-down search and did so at this time finding a digital scale in Prince's back pocket, some money in his front pocket and a substance that appeared to be crack-cocaine. At this point Prince seemed to calm down. The jail administrators conducted their own search of Prince finding a pill on him which was turned over to the police.

The Ford Explorer was towed to the APD out-door storage area. Officer Clark sought and obtained a search warrant for the vehicle. The search of the vehicle revealed $13.00, a baggie of marijuana, and a digital scale. The State Search Warrant was signed by (Brian) Johnson.

Officer Clark never lost sight of the person he was chasing for more than ten seconds. During the foot chase Officer Clark proceeded down one side of a housing complex while Prince was on the other side. When he again made visual contact, the person running was still wearing the same clothes and running in the same direction as the officer had initially observed. The evidence is clear and convincing that Shannon Prince, the person apprehended by the police, was the driver of the Ford Explorer which Officer Clark initially pursued.

**Conclusions of Law**

When the officer initially observed the vehicle proceeding the wrong way on a one-way street he had the authority to pursue the vehicle because of the traffic infraction he had observed. He did not intend to arrest the driver at that time. After the vehicle proceeded the wrong way down another one-way street and drove over the sidewalk the officer gained probable cause to stop the driver for reckless driving in violation of AS 28.35.040.[1]

---

[1] **Sec. 28.35.040 Reckless driving.**
(a) A person who drives a motor vehicle in the state in a manner that creates a substantial and unjustifiable risk of harm to a person or to property is

When the driver would not pull over after the officer turned on his police siren the driver was subject to being stopped for violating AS 28.35.182(b)[2] for the offense of failure to stop at the direction of a peace officer in the second degree. When Prince hit the parked car with his vehicle and left the scene of an accident without complying with AS 28.35.050(b)[3], he was subjected to apprehension by the officer. During the pursuit by Officer Clark, Prince was subject to apprehension for resisting and interfering with his arrest in violation of AS 11.56.700(a).[4] By striking

---

guilty of reckless driving. A substantial and unjustifiable risk is a risk of such a nature and degree that the conscious disregard of it or a failure to perceive it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.

[2] **Sec. 28.35.182 Failure to stop at direction of peace officer.**
(b) A person commits the offense of failure to stop at the direction of a peace officer in the second degree if the person, while driving or operating a vehicle or motor vehicle or while operating an aircraft or water craft, knowingly fails to stop as soon as practical and in a reasonably safe manner under the circumstances when requested or signaled to do so by a peace officer.

[3] **Sec. 28.35.050 Action of operator immediately after accident.**
(b) The operator of a vehicle involved in an accident resulting only in damage to a vehicle driven or attended by a person shall immediately stop the vehicle at the scene of the accident or as close to it as possible and return to, and remain at, the scene of the accident until the operator has fulfilled the requirements of AS 28.35.060.

[4] **Sec. 11.56.700 Resisting or interfering with arrest.**
(a) A person commits the crime of resisting or interfering with arrest if, knowing that a peace officer is making an arrest, with the intent of preventing the officer from making the arrest, the person resists personal arrest or interferes with the arrest of another by
(1) force;
(2) committing any degree of criminal mischief; or

Officer Clark he was subject to apprehension for assault in the Fourth Degree proscribed by AS 11.41.230(a)(1).[5] There was ample probable cause to arrest Prince before the officers contacted him. Prince's resistence and assault provided additional cause. In Alaska a peace officer has authority to arrest a private individual without a warrant for a crime committed or attempted in his presence. AS 12.25.030(a)(1).[6]

A search incident to a lawful arrest may be made without a warrant. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623 (1963). The defendant does not challenge the sufficiency of the State Search Warrant for the vehicle apart from the validity of the defendant's arrest.

The defendant was searched incident to a lawful arrest. *See* United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467 (1973) wherein the Supreme Court held that where an officer had probable cause to arrest a defendant for operating a

---

(3) any means that creates a substantial risk of physical injury to any person.

[5] **Sec. 11.41.230 Assault in the fourth degree.**
(a) A person commits the crime of assault in the fourth degree if
(1) that person recklessly causes physical injury to another person;

[6] **Sec. 12.25.030 Grounds for arrest by private person or peace officer without warrant.**
(a) A private person or a peace officer without a warrant may arrest a person
(1) for a crime committed or attempted in the presence of the person making the arrest;

motor vehicle after revocation of his operator's permit, a search of the defendant's person without a search warrant following his custodial arrest was permissible.

A search incident to a valid arrest is not limited to a frisk of the suspect's outer clothing. *Id.* When a lawful custodial arrest occurs a full search of the arrestee's person is an exception to the warrant requirement of the Fourth Amendment. 414 U.S. at 237. Thus, the seizure of the items from the defendant's person at the jail house was a reasonable search under the Fourth Amendment. **Wherefore, the defendant's motion to suppress evidence of his arrest and search should be denied.** IT IS SO RECOMMENDED.

DATED this 6th day of February, 2006, at Anchorage, Alaska.

/s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

Pursuant to D.Ak.L.M.R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **NOON, Monday, February 13, 2006**, to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's

objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before **4:00 p.m., Thursday, February 17, 2006**. The parties shall otherwise comply with provisions of D.Ak.L.M.R. 6(a).

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment. See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).