John M. Murtagh
1101 West 7th
Anchorage, Alaska   99501
(907) 274-8664
Counsel for defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| SHANNON PRINCE, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Case No. 3:05-cr-0117 (JWS)

OBJECTIONS TO REPORT AND
RECOMMENDATION REGARDING MOTION TO
SUPPRESS[ docket 25 ]

COMES NOW, Shannon Prince, defendant herein, by and through his

attorney, John M. Murtagh, and hereby provides this Court with his

objections to the Recommendation Regarding Motion to Suppress in this

case.

**Certain facts should be included in the recommendation**

Although there is now a transcript available for the District Court,

Prince respectfully suggests that certain additional facts be placed into the recommendation, so as to demonstrate the factual issues raised and to demonstrate that Officer Clark was not fully accurate in this testimony on extremely significant matters. These are the types of matters that may lead a fact finder to determine his testimony regarding identification is not sufficiently reliable:

- Officer Clark stated clearly and convincingly that there is a stop sign on Karluk Street at 8th avenue, and that the driver ran that stop sign. " ...about the area of 8th and Karluk. There's a stop sign there. He ran the stop sign." [Tr. 11, lines 20-21] On cross examination when confronted with a photo, Officer Clark agreed there was no such stop sign. [Tr.33 lines 6-7]

- Officer Clark did not state the vehicle ran a stop sign on 9th. [ Recommendation at page 3 ] in his initial testimony. [ Tr. 12, lines 21-2] He only added this in when questioned on redirect.

**Prince was <u>not</u> "subject to apprehension for resisting and interfering with his arrest in violation of A.S.11.56.700(a)" during the foot pursuit. <u>Howard v. State,</u> 101 P.3rd 1054 ( Alaska App. 2004 )[ Recommendation at page 6 ]**

The court has concluded that when the driver left the vehicle and fled

2

on foot that he was subject to arrest under AS 11.56.700(a) Resisting or interfering with arrest. The factual record is that when the foot pursuit was ongoing, there had not been prior physical contact between the driver and law enforcement. The Alaska Court of Appeals has interpreted this statute to not be applicable to attempts to avoid arrest:

> We do not interpret the statute to apply to situations where a defendant merely tries to evade the officer or hide. ( at 1059 )

This case was not previously provided to the Court. The recommendation should be modified to delete a finding that there was probable cause to arrest for resisting or interfering with arrest based on the foot pursuit and failure to comply with officers' directions during that interval.

**Prince was not "subject to apprehension for "leaving the scene" in violation of A.S.28.35.050(b)" as that statute requires that the damaged vehicle be " driven or attended by a person "and there was no evidence that this was true regarding the damaged vehicle.[ Recommendation at page 6]**

The Recommendation finds Sec 28.35.050(b), quoted in footnote three to be a basis for a probable cause arrest. However, an element of that offense under section (b) explicitly within the legislative language, is that the damaged vehicle be "driven or attended by a person" . The United States did not present any evidence that the damaged vehicle was driven or attended. At

3

that time of night, a reasonable assumption would be that the vehicle was parked for the evening and neither attended nor driven. That basis must be stricken.

**There was not the requisite testimony to support a patdown search**

Although the recommendation, in the factual portion notes that Officer Clark described, briefly, a patdown, which resulted in him searching Prince's pockets, it is important to confirm that the patdown is not the basis relied on by the court. This seems explicit due to the absence of a pat down discussion in the legal portion of the recommendation, but Prince wanted to reconfirm that the testimony at the hearing does not support a search follow up to a pat down. Johnson v. State, 88P.3rd 1137 ( Alaska App. 2004)

**There was not the requisite testimony to support an inventory search**

Although Officer Clark noted his personal observations regarding jail practices, this is not sufficient to support the inventory search exception. This was alleged as a basis for the seizure by the United States, but not found by the Court.

**There was not probable cause to conclude Prince was the driver**

Prince has not disputed that there existed probable cause to arrest the driver- although not for all of the offenses enumerated in the Recommendation. The

additional facts noting the errors by Officer Clark rebut a finding that his conclusion that Prince was the driver is sufficiently reliable.

The incidents at the fence, which did involve Prince, do not support a probable cause finding of assault as the conduct was incidental to flight, which, as noted above, is not a criminal offense.

Dated at Anchorage, Alaska this 13th day of February, 2006.

s/[John M. Murtagh]
John M. Murtagh
1101 West 7th Avenue
Anchorage, Alaska 99501
Phone: (907)-274-8664
Fax:(907)-258-6419
Email:jmmalaska@hotmail.com
Bar Number 7610119

CERTIFICATE OF SERVICE
I certify that on February 13th, 2006 a copy
of the foregoing pleading was served electronically
on the Office of the United States Attorney

s/[John M. Murtagh]