UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>vs.<br><br>SHANNON PRINCE,<br><br>        Defendant. | 3:05-cr-00117-JWS-JDR<br><br>**FINAL<br>RECOMMENDATION<br>REGARDING<br>MOTION TO SUPPRESS<br>Proceeds of Warrantless Arrest<br>and Search**<br><br>(Docket No. 17) |

Defendant **Shannon Prince** has timely filed objections to the Report and Recommendation addressing his motion to suppress evidence. Docket No. 28. The government did not file a response. Upon due consideration of the objections, the magistrate judge declines to modify the Recommendation that the motion to suppress be denied. The objections, however, do necessitate a few comments and corrections to the recommendation as set forth below.

Officer Clark's testimony regarding the intersection where he observed Prince run the stop sign was corrected by the Officer on cross-examination to indicate that the intersection was at 9th and not 8th Avenue and Karluk Street. The defendant argues that the officer did not specifically state that the vehicle ran the stop sign at 9th Avenue. Officer Clark recognized during cross-examination that he had been mistaken and there is no stop sign at 8th and Karluk, rather it was at 9th and Karluk. Tr. p.33. The court interprets the testimony as a whole to indicate that the officer corrected his testimony as to the location of the stop sign, not that he did not observe the vehicle make the turn without stopping. The defendant overlooks the testimony of the officer regarding Exhibit 1, which traces the route of the vehicle proceeding through 9th and Karluk.

The Recommendation states that "During the pursuit by Officer Clark, Prince was subject to apprehension for resisting and interfering with his arrest in violation of AS 11.56.700(a)." The defendant focuses on the foot pursuit before any physical contact occurred between Prince and the policemen. He cites Howard v. State, 101 P.3d 1054 (Alaska App. 2004) wherein the Alaska Court of Appeals interpreted the statute to be not applicable to attempts to avoid arrest. In Howard the issue was whether the State had present sufficient evidence to support a conviction for resisting arrest. The State had argued that Howard resisted arrest after Trooper Randall ordered him to turn around and place his hands behind his

back. Instead, Howard turned and ran into the woods. The State's second theory was that while Trooper Randall did not actually get a grip on Howard's arm when he reached to place him in handcuffs he did get a hold of a little piece of Howard's jacket or cuff while Howard was running away. The State argued that that contact was sufficient "force" under the resisting arrest statute. The Alaska Court of Appeals rejected those arguments.

In the instant case the issue is whether there was probable cause to charge Prince with resisting arrest. The record at the evidentiary hearing supports a finding of sufficient facts for the officer to charge Prince with resisting arrest when he was taken to the jail facility. For the sake of clarity the Recommendation should not be read as suggesting that the mere efforts of Prince to elude apprehension subjected him to being arrested for resisting and interfering with his arrest in violation of AS 11.56.700(a).

The defendant points out that the recommendation incorrectly states that Prince was subject to apprehension for leaving the scene in violation of AS 28.35.050(b) as that statute requires that the damaged vehicle be "driven or attended by a person" and there was no such evidence regarding the damaged vehicle in the instant case. The Recommendation should have cited AS 28.35.050(c). That subsection requires the operator of a vehicle involved in an accident resulting only in damage to a vehicle that is unattended to immediately stop

at the scene of the accident and undertake reasonable means to notify the owner of the damaged unattended vehicle of the name and address of the operator and owner of the vehicle striking the unattended vehicle.

The inventory search at the jail disclosed a contraband pill that was seized and turned over to the government as evidence. Regardless of the pat-down search performed by the police officer it seems clear under Alaska law and policy that state agents at the jail facility would have conducted an inventory search of the defendant's person before receiving him into the jail facility. The seizure of the evidence by the jail facility did not violate the defendant's Fourth Amendment rights although it was a warrantless search.

Prince reasserts a factual defense as to whether probable cause existed for the police officer to conclude that he was the driver of the vehicle initially followed by Officer Clark. As the Recommendation concluded the preponderance of the evidence indicates that there was clearly probable cause to conclude that Prince and the driver were one and the same.

Finally, with respect to whether Prince could lawfully be charged with an assault against the police officer that issue is moot because Prince is not charged with assaulting the policemen nor is it necessary for the court to determine that issue to support the defendant's arrest assuming that the government prevails as it does as to the factual dispute of whether Prince was in fact the driver. For these reasons

the Recommendation is amended and incorporated herein as a Final Recommendation that the defendant's motion to suppress be denied. This matter will now be forwarded to the assigned district judge for his determination.

DATED this 23rd day of February, 2006, at Anchorage, Alaska.


        /s/ John D. Roberts
        JOHN D. ROBERTS
        United States Magistrate Judge