John M. Murtagh
1101 West 7th
Anchorage, Alaska   99501
(907) 274-8664
Counsel for defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| SHANNON PRINCE, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Case No. 3:05-cr-0117 (JWS)

SENTENCING MEMORANDUM ON BEHALF OF SHANNON PRINCE

COMES NOW, Shannon Prince, defendant herein, by and through his attorney, John M. Murtagh, and hereby provides his sentencing memorandum.

*REMAINING ISSUES TO BE RESOLVED IN THE PSR*

Upon further review and with the assistance of the Probation Office, Prince has been able to confirm that he was incarcerated during the two year

window requisite for an application of USSG 4A1.1(e)

Prince does not agree that the driving pattern or the limited physical interaction with the arresting officers supports the high level of potential danger requisite for an application of USSG 3C1.2. This is born out by the testimony of Officer Clark, at the evidentiary hearing.  He indicated that based on his observations of wrong way driving, he only intended to inform the driver and that the conduct was not an arrestable offense[ TR.8 ] He indicated that the driver was going 40 miles per hour "which is not real fast " [ TR 9 ] In fact, "he was driving okay" [ TR 10] Although the officer testified on direct that the driver ran a stop sign at 8th and Karluk, he agreed on cross examination that there was no such stop sign- "I was mistaken" [TR 33] The driver did apparently accelerate and strike an damage a parked car.

While this driving may be reckless, the facts of this case fall far short of a creating a"substantial risk of death or serious physical injury" as set out in the USSG   3C1.2. [Cf. United States v. Reyes-Oseguera, 106 F.3rd 1481 ( 9th Cir. 1997)- a case where the driving pattern took place during medium to heavy traffic. ]In short, the guideline requires not just that conduct be reckless but that this create a specific risk, not one of property damage or physical injury, but that of serious physical injury or death.

The physical interaction between Prince and the officers is well detailed and while inappropriate is a garden variety misdemeanor type of resisting arrest. Death or serious physical injury were never potential outcomes.

This Court should reject the +2 in paragraph 21.

*APPLICATION OF THE STATUTORY SENTENCING FACTORS*

These are found in 18 USC 3553, a statutory section that includes the rule of parsimony- a legislative command that only the lowest sentence necessary to fulfill the various criteria should be imposed. 18 USC 3553 (a) provides

> The court shall impose a sentence sufficient, *but not greater,* than necessary to comply with the (statutory sentencing) purposes. ( emphasis added )

In making this determination, the Court is **not** to look to the United States Sentencing guidelines as a presumptively correct conclusion <u>*after*</u> this analysis, but merely as a starting point <u>*before*</u> this analysis, as the court must commence its analysis somewhere within the range of 5 to 40 years. <u>United States v. Zavala,</u> (9th Cir. op 05-30120, April 11, 2006 )

As applied to Mr. Prince's case, this Court must begin its analysis with consideration of the mandatory minimum five year ( 60 month ) term, and

consider whether the statutory criteria make a higher sentence "necessary".

*THE SENTENCE SHOULD BE IMPOSED IN RELATION TO THE FIVE YEAR TERM IN THE STATE CASE <u>STATE v. PRINCE,</u> 3AN-S03-5265 CR.*

Congress has determined that in a case like this, where a defendant is already serving a sentence[1] that this Court has the authority to impose either a consecutive or concurrent term. 18 USC 3584 (a). The sentencing statutory criteria are to be used in making that determination.

What this means, in an ultimately practical sense, is that the term of imprisonment in this case must be selected with an awareness of the state five year term. That awareness must be manifested by an explicit discussion of whether the terms are consecutive or concurrent.  The statute provides that on a silent record, the "default" position is that the sentences are consecutive.

Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. 18 USC 3584 (a)

**The Scenarios**

There are several broad choices presented to this Court in fashioning a sentence.  The statute requires the court to consider what might be termed a

---

[1] Although this state case is on appeal, and Prince was initially on bail pending appeal,  he has been remanded to serve the sentence

composite term first- incorporating the state sentence.  Inelegantly put, if this Court determines that in applying the 3553 criteria the composite term necessary is "X" years, then the court has to articulate this in light of the state term.  If the court selects the use of consecutive terms, then the court would impose a federal sentence of "X minus five years" *consecutive to the sentence in 3AN-S03-5265 Cr.*. If the court selects the use of concurrent terms, the federal sentence would be "X" years, *concurrent to the sentence in 3AN-S03-5265 Cr.*

In conducting this analysis, it is important to note that the state case has already had a significant part in controlling the USSG analysis.  The state case provided 3 points for purposes of calculating criminal history [ paragraph 39 ] Eliminating those 3 points would reduce Mr. Prince to a criminal history category V, with a range of 120-150 months.

## ANALYSIS UNDER SECTION 3553

Starting with the statutory mandate of parsimony, the issues under the statute must be phrased **:**

(1) is it necessary to impose a sentence in excess of five years in order to reflect the nature and circumstances of the offense?

(1a) is it necessary to impose a sentence in excess of five years due to

the history and characteristics of the defendant?

(2)(A) is it necessary to impose a sentence in excess of five years to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment?

(B) is it necessary to impose a sentence in excess of five years to provide adequate deterrence ( to others) to criminal conduct?

( C ) is it necessary to impose a sentence in excess of five years in order to protect the public from further crimes of the defendant?

(D) is it necessary to impose a sentence in excess of five years in order to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

In seeking to answer these questions, the court is to consider the types of sentences available, the USSG, the need to prevent unwarranted disparity among offenders and the need to provide restitution.

*The difficulty is that even in the face of some affirmative answers, that does not decide for the court "how much more is necessary?"*

### DISCUSSION

Some of the criteria cannot support a sentence in excess of five years. There is no need for restitution and there is certainly nothing in this record

that demonstrates that within the correctional system there is an educational or rehabilitative program that will take Mr. Prince more than five years to complete.

General deterrence. It is unlikely that any thinking member of the community would not consider a five year sentence in a federal prison a significant impact on decision-making. The thinking members of the community would be well deterred by a lesser sentence. Prince's sentence will not impact the "non-thinking" members of the community because, at most basic, they will never hear of his sentence or will assume "it will never happen to me"

This Court can conclude that no more than five years is necessary to promote general deterrence.

"Community condemnation and reaffirmation of societal norms". This is the phrase used in Alaska state jurisprudence to reflect the goals of making a public statement that the offense is considered very serious, that the law in fact must be followed and is in fact enforced and that the punishments are just. This is the approach in 18 USC 3553 (a)(2)(A) The focus of these criteria are not on the offender himself, nor is the function one of general deterrence. That is, the audience is not the potential law breakers, but rather

is the law abiding.

This Court can conclude that a sentence of five years meets these goals and that no more is necessary to demonstrate to the community that the matter is being handled seriously and that the law violation is responded to firmly.

<u>Nature and circumstances of the offense.</u>  This case is, in many ways, less serious than other cocaine cases considered by this Court. In many of the other cases, under the same penalty scheme, there is in fact a history of distribution and a criminal group or enterprise.  The Court can recall the many multiple defendant cocaine cases with contacts in several different states.  So, the nature of this offense- no history of distribution, no guns, no criminal clique is such that no more than a five year term is necessary to reflect these criteria.

*The real area of dispute*

The difficulty facing the Court  is found in the application of the criteria related to "The history and characteristics" of the defendant *[3553(a)(1)]* and the question of whether imposition of a term of more than five years is necessary to protect the public. *[3553 (a)(2)( C )]*

The extremes of the ways to look at Mr. Prince in order to answer those questions range from:

(1) look at his background, he never had a chance, to

(2) he has always been in trouble and never slows down.

Several portions of the PSR argue against giving up on Mr. Prince. First, and most impressive, is his history of taking entry level jobs- trying to do the right thing. Paragraph 66 proves that he has had a job every year but one since 1997. Granted that those jobs have not been long term, but certainly "titans of the drug trade" do not relentlessly take these types of jobs, ones that many people scorn.

Another significant point to consider is "what type of a chance did he have as a young person?" Counsel would agree that there are many Horatio Alger type stories and certainly people less fortunate than Mr. Prince have led very successful lives. That being said, recall that "Shannon's father... died as a result of a stabbing when he was very young" [paragraph 30]

He has built up a criminal history, but upon review of those cases, one can imagine that with a bit more support there could have been alternate dispositions rather than criminal convictions. He came to Alaska and went to attend school, and was convicted of disorderly conduct for challenging a fight near school grounds. Certainly for some, that behavior results in youth court and for some in administrative sanctions within the school system. Almost a

9

year later, he broke the windows of a car. For some, that is a civil compromise and a dismissal. Eight months later, he was in possession of personal use drugs and was convicted in Alaska for the third time. He never did get on track as the chronology of offenses continues.

What would be amazing to those not familiar with the volume of state cases and the expeditious manner in which they are handled is that there appear to be no significant consequences or serious treatment mandates throughout this process.

His last case with a sentence of five years is the first serious sanction- **one he had not served prior to the conduct that brings him before this Court.** As mentioned above, he was out on bail pending appeal and had not served that sentence at the time of the arrest in this case.

Why is this significant? This is important because a premise of prison sentences is that through positive reinforcement, education and training , or through the negative reinforcement of being in prison day after day, month after month, an offender learns to make different choices.

We see that in the criteria in 3553- which assume the potential of rehabilitation and personal deterrence through the negative experience of prison.

Unlike most offenders with a lengthy record, Mr. Prince has not previously served any significant time in a post sentencing prison setting. [2] Unlike other cases, one cannot say "he did not learn his lesson in prison last time."

## CONCLUSION

One way to make any decision - do I select X or Y -is to ponder " what if I decide X and am wrong-what are the consequences? And what if I decide Y and am wrong, what are the consequences"

As applied to Mr. Prince, it is to be recalled that the least onerous sentence that the court can impose is five years imprisonment and "at least 4 years of supervised release" The maximum term of supervised release is 5 years. ( PSR paragraph 75 )

For discussion purposes, let us compare that sentence with the USSG calculations.  The questions then become

(1) what if almost 11 years is imposed and that was not necessary?

(2) what if 5 years is imposed and that is not sufficient?

(2) is easier to answer. There is little doubt that a person such as Mr. Prince

---

[2]  The two years jail with 300 days suspended ( paragraph 37 ) is actually 280 days to serve and it is likely that Mr. Prince spent most of that in a presentence facility.

11

will receive significant and careful scrutiny from the Probation Office during his term of supervised release. He will also receive assistance in obtaining training and employment. If a prison sentence of five years is not sufficient, and he violates, not just the law, but the conditions of supervised release, he will be quickly revoked ( cf. the state system ) and be sentenced to up to 5 more years. If (2) is the decision and it was, in hindsight a "mistake" it is a mistake with a very limited societal downside.

What if, by way of contrast, no more than five years is necessary ( in hindsight) and the extra six plus years- a more than doubling of the sentence- is a mistake and was not necessary. What is the cost to Mr. Prince and what is the cost to society when someone returns after a decade of federal prison? Is it likely that the unnecessary 6 years will enhance his potential to be a successful citizen?

The rule of parsimony embodied in the statute mandates that this Court exercise great care in determining whether that additional one year, that additional two years or that additional five years is "necessary".

This Court should conclude that a composite term 5 years is appropriate in this case and fashion a sentence accordingly through its power to impose a concurrent term.

The term of supervised release, whether the minimum 4 years or the maximum 5 years provides significant protection to the public, significant deterrence to Mr. Prince upon his release, and assures the public that this case is looked at seriously even after his release from prison.

This is a sad case, directly presenting the question of whether it is necessary to give up on Mr. Prince at this time or whether his first significant term of incarceration- 5 years in a federal prison- conditioned on 5 more if he does not strictly comply with court orders makes any additional increment unnecessary.

There is not sufficient proof in this record to make more than the five years conditioned with five more as a deterrent necessary.

## INSTITUTIONAL REQUESTS

Prince requests that he be recommended for the facility at Bastrop, Texas and that this Court further recommend participation in the drug and alcohol education program.

Dated at Anchorage, Alaska this 15th[th] day of June, 2006.

s/[John M. Murtagh]
John M. Murtagh
1101 West 7th Avenue
Anchorage, Alaska 99501
Phone: (907)-274-8664

Fax:(907)-258-6419
Email:jmmalaska@hotmail.com
Bar Number 7610119

CERTIFICATE OF SERVICE
I certify that on June 15, 2006 a copy
of the foregoing pleading was filed  electronically
to be served on the Office of the United States Attorney

s/[John M. Murtagh]