John M. Murtagh
1101 West 7th
Anchorage, Alaska   99501
(907) 274-8664
Counsel for defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| SHANNON PRINCE, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Case No. 3:05-cr-0117 (JWS)

MOTION FOR REDUCTION OF TERM OF
IMPRISONMENT AS A RESULT OF AMENDED GUIDELINE RANGE
"CRACK AMENDMENT"

COMES NOW, Shannon Prince, defendant herein, by and through his attorney, John M. Murtagh, and hereby moves this Court for the entry of an order reducing his term of imprisonment.  This motion is made pursuant to United States Sentencing Guideline 1B1.1 and the recent "crack amendment"

*The impact of the amendment on the USSG calculation in this case*

This case involved 23.9 grams of cocaine base. [PSR paragraph 12]

1

The presentence report correctly attributed the possession of .4 gram of marijuana and one tablet of MDMA as personal use drugs and did not include them as relevant conduct.

At the time of Prince's sentencing on June 22, 2006, this amount of cocaine base generated a base offense level of 28 [ PSR paragraph 17 ] The Court therefore commenced with a USSG level of 28, added (+) 2 for reckless endangerment due to Prince's flight from and struggle with arresting officers and subtracted ( - ) 3 for acceptance of responsibility resulting in level 27.

The adjusted base offense level was level 27. Prince has a category VI criminal history so the range was 130-162 months.

<u>The Court's adjustment for a pending state Petition to Revoke probation based on this same conduct.</u>

The Court examined its options in order to factor in the state PTR. The court discussed the potential of partially concurrent sentences, but ultimately decided

    (1) to have the federal sentence run consecutively with the state PTR

    (2) to impose a 110 month term

The reasons for imposition of sentence note that the Court imposed a

sentence outside the advisory guideline system "to account for time being served in State court".

## THE IMPACT OF THE AMENDMENT

USSG 1B1.10 was drafted in order to permit sentenced individuals to potentially receive the benefit of ameliorative changes to the advisory sentencing guidelines. The steps require the court to first determine the amended guideline range.

As noted above, the amended base offense level for 23.9 grams of cocaine base is now 26. With a parallel +2 and a -3, the amended adjusted offense level is 25. At criminal history VI, the range is 110-137 months.

The second step is to examine this range in the context of the initial sentence. Although the general analysis is to not further reduce a sentence to a term that is less than the minimum of the amended guideline range, the exception in 1B1.10(b)(2)B) applies to Prince

> If the original term of imprisonment imposed was less that the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under (1) may be appropriate.  However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18USC 3553(a) and United States v. Booker, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

In Prince's case, the rationale for imposing a term less than the advisory guideline was **not** pursuant to a 3553(a) analysis. Rather, as noted above, it was done solely to factor in the impact of the state PTR that was premised on this offense.

## CONCLUSION

Several matters are beyond dispute:

(1) the amended guideline level is two levels lower than that at the time of sentencing

(2) an individual is eligible for a further reduction, even if their initial sentence was lower than the advisory guidelines.[ First sentence of 1B1.10(b)(2)(B) ]

(3) Prince's sentence was not lower than the advisory guidelines due to the court relying on a 3553(a) analysis, and therefore he is not within the class of individuals for whom a reduction "generally would not be appropriate."

## THE REQUEST

In his initial sentencing, Prince received a sentence at the low end of the range <u>two levels lower than the advisory guidelines- this was 19 months lower than the low end of the adjusted offense range.</u> A 110 month sentence

4

was the bottom of the range for a person at CH VI with an adjusted base offense level of 25 ( rather than 27 )

Prince is seeking a similar adjustment to a sentence that is "comparably less than the amended guideline". [2B1.10(b)(2)(B)]

His amended guideline range is at level 25 is now 110-137 months.

He requests a sentence of 92 months, which is the low end of the range for level 23, with a criminal history VI. Although this is 18 months lower than the amended guideline range, rather than the 19 months lower imposed at the initial sentencing, the proportionality is fairly representative.

Of course, this would remain consecutive to the state sentence.

No proposed order is submitted as the Court will either respond with an order denying the request or with a new judgement.

Dated at Anchorage, Alaska this 27th   day of March, 2008.

                                                         s/[John M. Murtagh]
John M. Murtagh
1101 West 7th Avenue
Anchorage, Alaska 99501
Phone: (907)-274-8664
Fax:(907)-258-6419
Email:jmmalaska@hotmail.com
Bar Number 7610119

CERTIFICATE OF SERVICE
I certify that on March 27, 2008 a copy

of the foregoing motion was served electronically
on the Office of the United States Attorney

s/[John M. Murtagh]