NELSON P. COHEN
United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email Frank.Russo@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SHANNON PRINCE, ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> _____ ) | No. 3:05-cr-00117-JWS <br><br> **OPPOSITION TO DEFENDANT'S MOTION PURUSANT TO 18 U.S.C. § 3582** |

COMES NOW, the United States of America, by and through undersigned counsel, and responds in opposition to defendant's motion to reduce sentence, filed at docket 49 on March 27, 2008.  In summary, the defendant was sentenced

post-Booker, and received a sentence two levels below the advisory guideline range, thus falling into an exception making the retroactivity amendment inapplicable. Moreover, given the defendant's violent history, as demonstrated by his conduct in the underlying case as well as his past criminal history, no further reduction is appropriate.

## BACKGROUND[1]

On Ocober 19, 2005, at approximately 2:35 am, Police Officer Troy Clark was parked in his marked police car in the area of 5th Avenue and Hyder, in Anchorage. Officer Clark observed the defendant driving a 2005 Ford Explorer the wrong way on 5th Avenue, causing Officer Clark to follow. The defendant made a right turn onto Ingra – again going the wrong way down a one way street – cutting the corner by driving over the sidewalk between the street sign and the traffic light. He then turned left onto 6th Avenue, and then right onto Karluk, running a stop sign at 9th Avenue. The defendant, apparently knowing that he was being chased by a marked police vehicle with lights and sirens on, turned eastbound on 9th Avenue, then southbound on Nelchina, reaching speeds up to 70 miles per hour. The defendant then careened his vehicle into a parked car on 11th Avenue, pushing the parked car up onto the sidewalk. As the defendant's vehicle

[1] The facts set forth herein are taken from the public filings, evidentiary hearing on the defendant's motion to suppress, and the pre-sentence report.

continued to roll westbound on 11th Avenue, the defendant jumped out of the car and started running westbound. The defendant's vehicle continued rolling until it hit a garage at 1315 11th Avenue.

Officer Clark got out of his vehicle and chased the defendant as he ran through alleys and private yards, ultimately attempting to scale a six-foot fence. As the defendant was climbing over the fence, Officer Clark grabbed hold of him and a struggle ensued. Another officer, Sgt. Spadafora, arrived and grabbed the defendant in an attempt to pull the defendant back over to Officer Clark's side of the fence. The defendant punched Officer Clark twice in the head, causing Officer Clark to let go of the defendant. The defendant fell to the other side of the fence and got up in an attempt to continue running. Sgt. Spadafora climbed the fence and grabbed the defendant again. They wrestled to the ground, all the while the defendant cursed at the officers while he tried to kick and punch them. Even after the defendant was subdued and handcuffed, he pushed Officer Clark and kicked another officer who arrived on the scene. The defendant was then put in leg restraints and put in a patrol car, where he continued to thrash about, kicking the windows of the car.

Ultimately, officers were able to get the defendant to jail, where he was placed on a gurney. Officer Clark searched the defendant's pockets, detecting

several hard objects he could not immediately identify.  Officer Clark then pulled those items out of the defendants pockets, including 24 grams of crack cocaine, $2,096 in cash, two scales, an ecstasy pill, some marijuana, and a black cell phone charger.

After denial of his motion to suppress, the defendant pled guilty to the one count Indictment, without a plea agreement.  On June 22, 2006, the Court held a sentencing hearing.  A copy of the transcript of the sentencing hearing is attached hereto as Exhibit A.   The Court found that the defendant's advisory guideline range was 130 to 162 months, given that he was in offense level 27 and criminal history category VI.  See Exhibit A, p. 10; Judgment of Conviction, Statement of Reasons, p. 1.  However, the Court then went on to consider the impact of a state sentence that the defendant had not yet served.  Specifically, the defendant committed the instant offense while he was out on bail pending appeal of a state court conviction, for which he had been sentenced to eight years in prison, with three years suspended.[2]  The Court found that, while that sentence should run consecutively to the federal sentence, the Court also determined that "the state sentence should be taken into account when determining the total amount of time that the defendant will be required to serve." Ex. A, p. 27.  Therefore, pursuant to

---

[2] According to the State of Alaska Department of Corrections, the defendant will be released to begin serving his federal sentence on September 2, 2008.

U.S. v Prince
3:05-cr-00117-JWS                           4

18 U.S.C. § 3553(a), took "into account the fact that the defendant still has approximately four years to serve on the sentence that has been imposed by the state Court"[3] and sentenced the defendant to 110 months, two levels below the advisory guideline range of 130 to 162 months.

On March 27, 2008, the defendant filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582. Therein, the defendant acknowledges that he received a sentence below the advisory guideline range, but nonetheless claims that the Court should award him an additional two level reduction in the advisory guideline range and sentence him to 92 months. The defendant's request relies upon the mistaken assumption that the Court did not rely upon a § 3553(a) analysis in imposing a 110 month, below-guidelines sentence.

## BACKGROUND ON THE RETROACTIVE GUIDELINE AMENDMENT

Section 3582(c)(2) provides authority for the reduction of a defendant's sentence based on a change in the Guidelines, if the Sentencing Commission authorizes such a reduction:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of

---

[3] In reality, and according to the State of Alaska Department of Corrections, the defendant served just over two years rather than the four the Court believed he had to serve on the state sentence.

Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Commission has identified the amendments that may be applied retroactively pursuant to this authority, and it has articulated the proper procedure for implementing the amendment in a concluded case.[4] On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). Revised Section 1B1.10(a), which became effective on March 3, 2008, provides, in relevant part:

> (1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

---

[4] Section 1B1.10 implements both 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 994(u), the latter of which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). <u>See, e.g.</u>, <u>United States v. Cueto</u>, 9 F.3d 1438, 1440-41 (9th Cir. 1993); <u>United States v. Perez</u>, 129 F.3d 255, 259 (2d Cir. 1997).

(2) <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
  (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
  (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3) <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses.[5] On December 11, 2007, the Commission added Amendment 706 to the list of amendments that may be applied retroactively under Section 1B1.10(c), effective March 3, 2008.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties

---

[5] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007. Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

while still reducing the offense levels for crack offenses. See USSG, Supplement to App. C, Amend. 706.[6]

Previously, the Commission had set the entire range in Section 2D1.1 for a given quantity of crack above the applicable mandatory minimum sentence. Under the amendment, the Commission set the offense levels so that the mandatory minimum sentence falls within the range for the quantity of crack that triggers that mandatory minimum penalty. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). The revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months, which encompasses the 60-month mandatory minimum. The ultimate result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses.

However, § 1B1.10 also contains limitations and exceptions to the two-level reduction. Significantly, § 1B1.10(b)(2)(B) provides:

---

[6] In a separate matter, the Supreme Court recently held in Kimbrough v. United States, 128 S. Ct. 558 (2007), that district courts "may consider the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders. However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

> <u>Exception.</u>–If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) may be appropriate.  <u>However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.</u>

(emphasis added).  At issue in the case at bar is applicability of this exception.

## ARGUMENT

**I.    THE DEFENDANT'S SENTENCE SHOULD NOT BE REDUCED.**

Here, it is undisputed that the defendant received a sentence of 110 months, which was tantamount to a reduction of two levels below the advisory guideline range of 137 to 162 months.  The defendant contends that the below guideline sentence was not the result of a § 3553(a) analysis.  The transcript of the sentencing of the defendant belies this argument.  Exhibit A, pp. 31-32.  Rather, the determination as to whether the defendant's federal sentence was to run concurrently or consecutively to the state sentence was a separate and distinct issue from what sentence to impose.  Ex. A, pp. 26-28.  After the Court determined that the sentence should be served consecutively, it went on to determine what the appropriate federal sentence was in the defendant's case considering the factors set forth in 18 U.S.C. § 3553(a).  Ex. A, p. 28.  In evaluating these factors, the Court

specifically took "into account the fact that the defendant still has approximately four years to serve ion the sentence that has been imposed by state court . . . ." Ex. A, p. 31. The Court concluded:

> Taking all of these considerations into account, <u>including the the time that Mr. – Prince still has to serve in – in state court,</u> conclude that a sentence of 110 months, to run consecutively to the remaining time on the state sentence, is the appropriate sentence. <u>A particular concern here, think, that this sentence will be sufficient to protect the community from a man whose past, at least, displays conduct of a very dangerous individual.</u>

Ex. A, p. 31 (emphasis added).

Thus, the sentence imposed by the Court was a result of its weighing the § 3553(a) factors, particularly the direction to "impose a sentence which is sufficient, but not greater than necessary, to achieve sentencing goals." Ex. A, p. 31. Accordingly, because the if the original term of imprisonment "constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and <u>United States v. Booker,</u> 543 U.S. 220 (2005), a further reduction generally would not be appropriate. <u>See</u> U.S.S.G. § 1B1.10(b)(2)(B).

Notwithstanding this exception, the retroactive application of the amendments to U.S.S.G. § 2D1.1 is discretionary. Although the defendant may qualify for a reduction in sentence under Section 3582(c)(2) and the applicable policy statements of the Commission, a reduction of sentence is not automatic.

This Court's discretion is set forth in Section 3582(c)(2) itself, which provides: "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Thus, "[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced.  United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). See, e.g., United States v. Gilbert, 2008 WL 2858009 (E.D. Mich. July 22, 2008) (based on post-sentencing conduct); United States v. May, 2008 WL 2790212 (S.D. Ala. July 18, 2008) (based on egregious prison record); United States v. Suell, 2008 WL 2845295 (N.D. Tex. July 17, 2008) (because defendant benefitted from a favorable plea agreement in which charges were dismissed and the sentence was reduced); United States v. James, 2008 WL 2563253 (S.D. Miss. June 26, 2008) (court declines to reduce sentence because of criminal history and post-conviction conduct); United States v. Gresham, 2008 WL 2599994 (S.D. Ohio June 25, 2008) (same); United States v. Reynolds, 2008 WL 2367254 (S.D. W. Va. June 9, 2008) (motion denied because defendant's criminal conduct was "nothing short of egregious"); United States v. Stevenson, 2008 WL 1840758 (S.D. Ohio Apr. 22, 2008) (court in its discretion denies reduction despite eligibility under amendment,

based on two disciplinary infractions in prison, and lengthy criminal record); United States v. Melton, 2008 WL 1787045 (W.D.N.C. Apr. 17, 2008) (denial based on nature of offense); United States v. Craig, 2008 WL 1775263 (W.D.N.C. Apr. 15, 2008) (denial based on the facts of the case); cf. United States v. Sifford, 2008 WL 2048387 (W.D.N.C. May 13, 2008) (in exercise of the court's discretion, it affords only a partial reduction, in light of the defendant's record).

Similarly, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted. Id. app. note 1(B)(I); see also U.S.S.G. § 1B1.10 background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). All courts are in accord on this point. United States v. Whitebird, 55 F.3d 1007, 1010 (5th Cir. 1995) (district court permissibly declined to reduce sentence); United States v. Ursery, 109 F.3d 1129, 1137 (6th Cir. 1997); United States v. Coohey, 11 F.3d 97, 101 (8th Cir. 1993); United States v. Wales, 977 F.2d 1323, 1327-28 (9th Cir. 1992); United States v. Mueller, 27 F.3d 494, 497 n.5 (10th Cir. 1994).

"Thus, reading § 3582(c)(2) and the Sentencing Guidelines together, the district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2)." Vautier, 144 F.3d at 760. First, Section 1B1.10(b) directs:

> In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced . . . .

In other words, "the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed. In undertaking this first step, only the amended guideline range is changed. All other guideline application decisions made during the original sentencing remain intact." Vautier, 144 F.3d at 760. Then, in the second step, "in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence." Id.

Subject to the limits set forth in Section 1B1.10(b), to be discussed below, the Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's

sentence. In particular, the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative. Revised application note 1(B)(ii) directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." Revised application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." The application note explains that these factors are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in Section 1B1.10(b).

    Applying this guidance to the case at bar, it is undisputed that the defendant, at the time of sentencing, was a "very dangerous individual." Ex. A, p. 31. This is illustrated by the facts of the case at bar, as well as the defendant's criminal past. As a juvenile, he was adjudicated on a murder charge. PSR, ¶ 30. Thereafter, he demonstrated a dangerous proclivity to handle firearms. PSR, ¶¶ 35, 37, 39. The defendant presents an extreme danger to the community, not to mention himself. He has not been deterred by his contact with the state criminal justice system. Indeed, a mere three years after receiving a five year state jail sentence, the defendant was somehow out of jail and able to commit the instant offense. In sum,

even if the crack amendment is deemed applicable to him, a reduction of his sentence should be denied on public safety grounds.

## CONCLUSION

For the reasons stated above, the government respectfully requests that the Court deny the defendant's motion for a reduction in her sentence pursuant to 18 U.S.C. § 3582(c).

RESPECTFULLY SUBMITTED this 29th day of August, 2008, at Anchorage, Alaska.

>NELSON P. COHEN
>United States Attorney
>
>s/ Frank V. Russo
>Assistant U. S. Attorney
>Federal Building &U.S. Courthouse
>222 West 7th Ave., #9, Rm. 253
>Anchorage, AK 99513-7567
>Phone: (907) 271-5071
>Fax: (907) 271-1500
>E-mail: Frank.Russo@usdoj.gov

**CERTIFICATE OF SERVICE**
I hereby certify that on August 29, 2008,
a copy of the foregoing was served
electronically on John Murtagh, via ECF.

s/Frank V. Russo